Jack R. Leer (SBN 184982)
Ben West (SBN 251018)
CALDARELLI HEJMANOWSKI PAGE & LEER LLP
12340 El Camino Real, Suite 430
San Diego, California 92130
Tel: (858) 764-8080; Fax: (858) 720-6680
Email: jrl@chpllaw.com
dbw@chpllaw.com

Attorneys for Plaintiff
BOOTLEGGER'S BREWERY, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| BOOTLEGGER'S BREWERY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ABITA BREWING COMPANY, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:16-cv-1390<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiff BOOTLEGGER'S BREWERY LLC ("Bootlegger's") alleges as follows for its complaint against ABITA BREWING COMPANY, INC. ("Abita"):

## I. JURISDICTION

1. This is a Complaint for trademark infringement under the Lanham Act (15 U.S.C. § 1114); unfair competition and false designation of origin under the Lanham Act (15 U.S.C. § 1125(a)); and trademark infringement under the common law of the State of California.

2. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), and 15 U.S.C. § 1121/28 U.S.C. § 1338 (original jurisdiction over Lanham Act actions). The Court has supplemental jurisdiction over the state-law claim under 28 U.S.C. § 1367 because it derives from a

common nucleus of operative facts and forms part of the same case or controversy as the federal-question claims.

3. The Court has personal jurisdiction over Abita because Abita has engaged in continuous and systematic contact with California by conducting business and selling products in California and/or because Abita has sufficient minimum contacts with California such that the exercise of personal jurisdiction over Abita comports with traditional notions of fair play and substantial justice.

## II. VENUE

4. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Abita conducts business within this district and sells its infringing products to consumers located in this judicial district; thus, it is likely that Bootlegger's customers in this judicial district have been or will be confused by Abita's use of the infringing mark.

## III. PARTIES

5. Bootlegger's is a California corporation with its principal place of business in Fullerton, California.

6. Abita is a Louisiana corporation with its principal place of business located in Abita Springs, Louisiana.

## IV. FACTUAL BACKGROUND

7. Bootlegger's is a craft brewery that has been manufacturing, marketing and selling award-winning beer under various trademarks since 2008. Bootlegger's currently sells its beer at more than 2,000 locations throughout Central and Southern California. Bootlegger's has spent substantial money, time, energy, and resources to ensure that the general public associates its trademarks exclusively with Bootlegger's and its beer. The Bootlegger's mark and logo appear prominently on every keg and bottle of beer sold by Bootlegger's.

8. Bootlegger's owns the trademark BOOTLEGGER'S BREWERY which was registered on the Principal Register of the United States Patent and Trademark

Office on March 19, 2013 under registration number 4,305,157 for beer. A true and correct copy of the registration certificate is attached as Exhibit A. Bootlegger's has also applied to register the BOOTLEGGER'S BREWERY mark for taproom services.

9. Bootlegger's has used BOOTLEGGER'S BREWERY in commerce since at least September 17, 2008. Using the BOOTLEGGER'S BREWERY mark, Bootlegger's sells a variety of craft beers in over 2,000 bottle shops, liquor stores, supermarkets, and bars. Bootlegger's packages its beers for sale in typical packaging such as cases of six-pack bottles and kegs.

10. Abita, like Bootlegger's, is in the business of selling craft beer. Abita is one of the top 25 craft breweries in the United States based on sales volume. Abita has recently produced a new "hard root beer" called Bayou Bootlegger. Abita markets and describes its Bayou Bootlegger product as "beer with natural flavors and caramel color added." Abita packages Bayou Bootlegger in cases of six-pack bottles. Attached as Exhibit B is a true and correct image of Abita's Bayou Bootlegger packed in six-pack bottles.

11. Abita sells Bayou Bootlegger through the same marketing channels through which Bootlegger's sell its craft beers namely bottle shops, liquor stores, supermarkets, and bars located in this judicial district. Bayou Bootlegger is sold in the same area of stores as other craft beer, not other root beer or soda drinks.

12. Abita's use of the term Bayou Bootlegger in connection with the sale, offering for sale, distribution, or advertising of its beverage is likely to cause consumer confusion as to the origin of Abita's beer with Bootlegger's beers sold under the BOOTLEGGER'S BREWERY mark.

13. Abita is therefore liable for mark infringement under 15 U.S.C. § 1114, unfair competition/false designation of origin under 15 U.S.C. § 1125(a), and mark infringement under California common law.

///

///

**FIRST CAUSE OF ACTION**

**(Trademark Infringement – 15 U.S.C. § 1114)**

14. Bootlegger's incorporates by reference the foregoing allegations as though set forth herein.

15. Bootlegger's federal registration is conclusive evidence of Bootlegger's exclusive right to use BOOTLEGGER'S BREWERY in commerce under 15 U.S.C. §1115.

16. Abita's use of Bootlegger in connection with the sale, offering for sale, distribution, or advertising of its Bayou Bootlegger beer is likely to cause confusion or mistake or is likely to deceive the public, thereby constituting infringement of BOOTLEGGER'S BREWERY in violation of 15 U.S.C. §1114.

17. As a result of Abita's infringement, Bootlegger's has suffered, and will continue to suffer, ongoing and irreparable injury for which Bootlegger's has no adequate remedy at law.

18. Abita's infringement has been and continues to be deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C § 1117.

19. Bootlegger's is entitled to preliminary and permanent injunctions, as well as all other remedies under the Lanham Act, including: compensatory damages, treble damages, disgorgement of profits, costs, and reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**

**(False Designation of Origin – 15 U.S.C. § 1125(a))**

20. Bootlegger's incorporates by reference the foregoing allegations as though set forth herein.

21. BOOTLEGGER'S BREWERY, as used by Bootlegger's in connection with its beers, is distinctive and has become associated with Bootlegger's such that it exclusively identifies Bootlegger's and its beers.

22. Abita's use in commerce of Bayou Bootlegger is likely to cause confusion or mistake, or to deceive members of the public into believing that Abita's Bayou

Bootlegger is affiliated, connected, sponsored, originating from, or otherwise associated with Bootlegger's, thereby constituting false designation of origin, passing off, false advertising, and unfair competition under 15 U.S.C. § 1125(a).

23. As a result of Abita's false designation of origin, passing off, false advertising, and unfair competition, Bootlegger's has suffered, and will continue to suffer, ongoing and irreparable injury for which Bootlegger's has no adequate remedy at law.

24. Abita's false designation of origin, passing off, false advertising, and unfair competition has been and continues to be deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C § 1117.

25. Bootlegger's is entitled to preliminary and permanent injunctions, as well as all other remedies under the Lanham Act, including: compensatory damages, treble damages, disgorgement of profits, costs, and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

## (California Common Law Trademark Infringement)

26. Bootlegger's incorporates by reference the foregoing allegations as though set forth herein.

27. Bootlegger's' use of BOOTLEGGER'S BREWERY precedes Abita's use of Bayou Bootlegger.

28. Abita's use of Bayou Bootlegger is likely to cause confusion as to Bootlegger's association, affiliation, sponsorship, or endorsement of Abita and its Bayou Bootlegger beer.

29. As a result of Abita's infringement of the BOOTLEGGER'S Mark, Bootlegger's has suffered and will continue to suffer loss of income, profits, and goodwill and Abita has and will continue to be unjustly enriched by acquiring income, profits, and goodwill to which it is not entitled.

///

///

30. As a result of Abita's infringement, Bootlegger's has suffered and will continue to suffer ongoing and irreparable injury for which Bootlegger's has no adequate remedy at law.

31. Abita committed its infringement willfully and after actual and constructive notice of Bootlegger's rights. Abita's conduct justifies an award of exemplary damages.

## V. PRAYER

WHEREFORE, Bootlegger's prays for judgment as follows:

1) That Abita and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through, or under authority from Abita, and each of them, be preliminarily and permanently enjoined from:

a) Using Bayou Bootlegger or any colorable imitation thereof; and

b) Using any mark that imitates or is confusingly similar to or in any way similar to the BOOTLEGGER'S BREWERY mark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Bootlegger's beer or its connection to Abita;

2) That Abita be required to file with the Court and serve on Bootlegger's within thirty days after entry of injunctive relief, a report in writing and under oath setting forth in detail the manner and form in which Abita has complied with the injunctive relief;

3) That, under 15 U.S.C. § 1117, Abita be held liable for all damages suffered by Bootlegger's resulting from the acts alleged herein;

4) That, under 15 U.S.C. § 1117, Abita be compelled to account to Bootlegger's for any and all profits derived by Abita from the acts complained of herein;

5) That Abita be ordered under 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in Abita's possession, custody, or control

bearing a trademark found to infringe the BOOTLEGGER'S BREWERY mark, as well as all plates, matrices, and other means of making the same;

6) That the Court declare this to be an exceptional case and award Bootlegger's its full costs and reasonable attorneys' fees under 15 U.S.C. § 1117;

7) That the Court grant Bootlegger's any other remedy to which it may be entitled under the Lanham Act (15 U.S.C. §§ 1116-17) or under state law; and

8) For any other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Bootlegger's demands trial by jury in this action of all issues so triable.

Dated: July 26, 2016 CALDARELLI HEJMANOWSKI PAGE & LEER LLP

By: /s/Ben West
Jack R. Leer
Ben West
Attorneys for Plaintiff
BOOTLEGGER'S BREWERY LLC

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# Bootlegger's Brewery

**Reg. No. 4,305,157**

**Registered Mar. 19, 2013**

**Int. Cl.: 32**

**TRADEMARK**

**PRINCIPAL REGISTER**

BOOTLEGGER'S BREWERY LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
401 S. RICHMAN AVE.
FULLERTON, CA 92832

FOR: BEER, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 4-15-2008; IN COMMERCE 9-17-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BREWERY", APART FROM THE MARK AS SHOWN.

SER. NO. 85-687,407, FILED 7-26-2012.

ROBIN MITTLER, EXAMINING ATTORNEY

Acting Director of the United States Patent and Trademark Office

# EXHIBIT B


Bayou
BOOTLEGGER
HARD ROOT BEER